UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,    )
   )
       Plaintiff,    )
   )
v.    )    No.:    3:23-CR-78-KAC-DCP-9
   )
TIMOTHY ALAN DAVIS,    )
   )
       Defendant.    )

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REVOKE DETENTION ORDER

Before the Court is Defendant's "Motion for Revocation of Detention Order" [Doc. 52], which asks the Court to release him from custody on conditions under 18 U.S.C. § 3145(b). Upon de novo review, the Court denies Defendant's "Motion for Revocation of Detention Order" [Doc. 52] because no condition or combination of conditions would reasonably assure the appearance of Defendant as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(1).

### I.      Procedural Background

On July 7, 2023, Magistrate Judge Debra C. Poplin ordered Defendant detained [Doc. 38]. Judge Poplin determined that the United States proved, (1) by clear and convincing evidence, that "no condition or combination of conditions w[ould] reasonably assure the safety of the community," and (2) by a preponderance of the evidence, that "no condition or combination of conditions w[ould] reasonably assure" Defendant's appearance as required [*Id.* at 3]. Judge Poplin specifically concluded that Defendant "poses a risk of danger to the community" based on (1) the "[w]eight of evidence against" him, (2) Defendant's "[p]rior criminal history," (3) Defendant's "[h]istory of violence or use of weapons," and (4) Defendant's "[p]rior failure to appear in court

as ordered," among other reasons [*Id.* at 2-3]. On July 21, 2023, Defendant filed the instant Motion, asking the Court to "revok[e] the Order of Detention" and release him on "the same release conditions" as a co-conspirator in this case [Doc. 52 at 1, 4]. In support, Defendant asserts that he has (1) "no prior felony convictions," (2) "full time employment available," and (3) "a third-party custodian available" [*Id.* at 2-3]. On July 28, 2023, the United States responded in opposition [Doc. 65].

## II.    Analysis

If a magistrate judge orders a defendant detained pending trial, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order." 18 U.S.C. § 3145(b). The district court must generally review the magistrate judge's order de novo and may do so without holding a further hearing. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013), *aff'd*, No. 13-6008 (6th Cir. Nov. 1, 2013). A second hearing is not necessary where, as here, the material information is already in the record from the initial detention hearing [*See* Doc. 52 at 1 ("[C]ounsel would rely on the arguments and proof presented at [the initial detention] hearing.")]. *See also* 18 U.S.C. § 3142(f); *United States v. Williams*, No. 20-CR-142, 2020 WL 6866404, *2-5 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo without a hearing).

18 U.S.C. § 3142 governs the release or detention of a defendant pending trial. Where the United States moves for detention of a defendant charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(f)(1)(C), the Court must determine whether any "condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of

2

any other person and the community," *id.* at § 3142(e)(1), (f).  The factors that the Court considers in determining whether to detain a defendant under Section 3142(e) are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

Under Section 3142(e)(2), the Court presumes (subject to rebuttal) that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" if the Court finds that "there is probable cause to believe that the [defendant] committed" a qualifying offense under the Controlled Substances Act.  18 U.S.C. § 3142(e)(3)(A).  A grand jury's indictment "by itself, establishes probable cause to believe that a defendant committed the charge with which he is charged."  *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)).  And the Parties do not dispute that the presumption applies here [*See* Docs. 52 at 3; 65 at 2].

To rebut the presumption, Defendant must "introduce at least some evidence" that he is not a flight risk and does not pose a danger to the community.  *Id.* at 945, 947 (noting that the defendant's burden of production is "relatively light").  At the detention hearing, Defendant stressed his near lifelong ties to the greater Knoxville area [*See* Doc. 62 at 29:6-9].  He presented testimony from a family friend who stated that another friend was "willing to give [Defendant] a

3

job" [*Id.* at 8:13-14]. And Defendant presented testimony of a proposed third-party custodian, with whom Defendant lived before Defendant's arrest for the instant offense [*See id.* at 16:4-21]. Defendant thereby arguably satisfied his burden of production. *See Stone*, 608 F.3d at 945. Even if so, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2010) (per curiam)).

Ultimately, the United States "must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); *see* 18 U.S.C. § 3142(f) (addressing the United States's burden as to "the safety of any other person and the community"). The United States has met its burdens here.

Each of the Section 3142(g) factors weighs in favor of detaining Defendant. ***First***, the nature and circumstances of the offense charged favor detention. As alleged in the Indictment, Defendant, along with several co-defendants, conspired "to distribute and possess with the intent to distribute 50 grams or more of methamphetamine" for approximately thirteen (13) months, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 53 at 1]. The Indictment charged Defendant with a serious, substantive offense involving a controlled substance that presents a grave threat to the safety of the community. *See* 18 U.S.C. § 3142(g)(1). Methamphetamine can be deadly, and there is probable cause to believe that Defendant conspired to distribute a significant amount of it for more than a year. *See Stone*, 608 F.3d at 945.

***Second***, Defendant's alleged conduct in this case underscores the danger that he represents. *See* 18 U.S.C. § 3142(g)(2). This second factor "only goes to the likelihood that the defendant will pose a danger to the community and is not a pretrial determination of guilt." *United States v.*

4

*Foster*, No. 20-5548, 2020 WL 6791572, at *2 (6th Cir. July 20, 2020). At the detention hearing, the United States presented evidence that Defendant, while intoxicated, drove a car containing approximately seventy (70) grams of methamphetamine and various drug paraphernalia [*See* Doc. 62 at 5:6-18]. This amount of methamphetamine—along with Defendant's willingness to drive a car containing it while under the influence—poses a direct threat to others. And the United States's evidence further suggested that law enforcement conducted a traffic stop of Defendant at a house of one of Defendant's co-conspirators, suggesting Defendant's broader involvement in the conspiracy [*Id.* at 6:4-8]. Conspiring to distribute narcotics is inherently dangerous.

**Third**, Defendant's history and characteristics likewise weigh in favor of continued detention. Defendant is a forty-two (42) year old man who has lived in Knoxville for most of his life [*See* Doc. 62 at 27:2-24]. But as Defendant concedes, "there is no question that [he] has a lot of criminal history" [*Id.* at 28:20-21]. Defendant has amassed convictions for two (2) domestic assaults, driving under the influence, unlawfully possessing drug paraphernalia, and public intoxication [Pretrial Services Report at 5-8].[1] Defendant's "past conduct" related to his arrests is also concerning. *See* 18 U.S.C. 3142(g)(3)(A). He has been arrested for aggravated assault (twice), aggravated robbery, resisting arrest, domestic assault, and child endangerment by driving under the influence [*Id.* at 5, 7-8]. On one occasion, Defendant punched a victim "multiple times in the head" [*Id.* at 7]. On another, Defendant "pointed a firearm at three victims" and "fired several shots in their direction" [*Id.* at 8]. Defendant has also failed to appear for court dates on

---

[1] Information related to Defendant's criminal history is contained in the Pretrial Services Report compiled by the United States Probation Office, made available to the Parties before Defendant's detention hearing, and on file with the Court. The United States Probation Office recommended that Defendant remain detained pending his trial.

5

three (3) instances [*Id.* at 5, 8].  Defendant's criminal history and conduct demonstrates his dangerousness and the risk of flight that he poses.  *See* 18 U.S.C. § 3142(g)(3)(A), (4).  What is more, Defendant's extensive history of "daily" substance abuse—including on the day of his arrest—likewise concerns the Court [Pretrial Services Report at 4].  *See* 18 U.S.C. § 3142(g)(3)(A).  On balance, Defendant's history and characteristics favor detention. *See* 18 U.S.C. § 3142(g)(3)(A).

*Last*, Defendant's release would pose a serious danger to the community.  *See* 18 U.S.C. § 3142(g)(4).  As discussed above, Defendant's history before this case and his alleged conduct as part of this case demonstrates the risk of further illegal activity—and its concomitant potential danger to the community—that he represents.  *See id.*  This factor, too, supports detention.

Weighing the pertinent factors in light of the evidence in the record, the United States has met its burdens to show that no conditions or combinations of conditions of release would "reasonably assure" Defendant's appearance as required and "the safety of any other person and the community."  *See* 18 U.S.C. § 3142(e)(1), (f); *Hinton*, 113 F. App'x at 77.  Defendant argues that because the evidence in this case does not show that Defendant "ever sold or distributed methamphetamine"—unlike his co-defendant who was released on conditions—the Court should likewise release him.  But Section 3142 instructs the Court to weigh the pertinent factors on an *individual* basis.  *See* 18 U.S.C. § 3142(f), (g) (directing the Court to determine whether conditions would reasonably assure the appearance of "such person" and the safety of any other person and the community considering information available about "the person").  "In cases like this one, involving multiple defendants who are not necessarily similarly situated, the dangerousness inquiry must be an individualized one . . . each defendant is entitled to an individualized determination of bail eligibility."  *Stone*, 608 F.3d at 946.  And although testimony at the detention

6

hearing suggested that Defendant has potential employment, he has not presented a plan for any substance abuse treatment if the Court ordered him released on conditions. *See* 18 U.S.C. § 3142(g)(3)(A). Further, portions of the conduct charged in this offense occurred when Defendant lived at his proposed third-party custodian's residence—the same place to which Defendant proposes that the Court release him [*See* Doc. 62 at 16:4-21]. These proposed conditions do not mitigate the risk of future illegal behavior if released. Defendant's inherently dangerous alleged conduct in this case coupled with his history and characteristics demonstrate the risk of flight and danger that he poses. *See* 18 U.S.C. § 3142(g).

## III. Conclusion

Considering the relevant factors de novo, no conditions of release would reasonably assure "the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1). Accordingly, the Court **DENIES** Defendant's "Motion for Revocation of Detention Order" [Doc. 52]. Defendant shall remain detained.

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge